UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

In re:   Tammy C. Nelson

        Debtor                            CASE NO. 09-50523 (2)
                                       CHAPTER     7

Tammy C. Nelson

        Plaintiff

vs.

Jackson Purchase ER Group

        Defendants                       Adv. Proc. No. 09-5013

---

**MEMORANDUM OPINION**

---

THIS ADVERSARY PROCEEDING is before the Court upon the cause of action brought by Plaintiff against Defendants pursuant to 28 U.S.C. §§ 157(a) and (b).  For the reasons set forth below, the Court determines that Debtor may not avoid the transfers under 11 U.S.C. § 547(c)(8). By virtue of 28 U.S.C. § 157(b)(2)(F), this is a core proceeding.  The following constitutes the Court's Findings of Fact and Conclusions of Law pursuant to Fed. R. Bankr. P. 7052.

FINDINGS OF FACT

Debtor filed a voluntary petition for relief under Chapter 7 on May 11, 2009.  Prior to the bankruptcy filing, on February 5, 2009, Defendants Jackson Purchase ER Group, Baptist Healthcare Systems, Inc. d/b/a Western Baptist Hospital, Lourdes Hospital, Inc., and Anesthesiology of Paducah, PSC obtained a state court judgment against Debtor in the amount of $3,999.51, plus court costs.  The judgment directed that Jackson Purchase ER Group recover in the amount of $176.00, Baptist Healthcare Systems, Inc. d/b/a Western Baptist Hospital recover in the amount of $1,360.00,

Lourdes Hospital, Inc. recover in the amount of $1,612.01, and Anesthesiology of Paducah, PSC recover in the amount of $851.50.

To collect the judgment, Defendants served an order of wage garnishment on Debtor's employer on February 25, 2009.  In total, Defendants garnished $1,151.94 from four of Debtor's paychecks.  The dates and amounts of the garnishment payments were as follows:

| | |
|---|---|
| March 27, 2009 | $253.40 |
| April 15, 2009 | $358.84 |
| April 24, 2009 | $250.36 |
| May 13, 2009 | $289.34 |

Defendants admit that the garnishment payment of $289.34 on May 13, 2009 was post-petition and not a preference.  The payment has since been refunded to Debtor.  Defendants do not dispute that the remaining payments were received within the ninety days prior to Debtor's bankruptcy filing; were on account of antecedent debt; were received while Debtor was insolvent; and that the payments allowed Defendants to receive more than they would have received had they participated in the distributions from the bankruptcy estate as unsecured creditors.

CONCLUSIONS OF LAW

Plaintiff seeks to recover transfers of funds for the bankruptcy estate as avoidable preferences under 11 U.S.C. § 547(b). Section 522(h) of the Bankruptcy Code allows a debtor to avoid preferential transfers of exempt property that the trustee could have avoided under § 547.  11 U.S.C. § 522(h).  In so doing, Plaintiff bears the burden of proving by a preponderance of the evidence each element of a preferential transfer under § 547(b).  11 U.S.C. § 547(g); *In re Salamone*, 231 B.R. 628, 634 (Bankr. N.D. Ohio 1999).  It is undisputed that all the elements required to establish avoidable preferences under § 547(b) have been established. *See In re Carled, Inc.*, 91 F.3d 811, 813 (6th Cir. 1996).

Defendants contend that the transfers fall within the *de minimus* exception of 11 U.S.C. § 547(c)(8).  Section 547(c)(8) provides that a preference may not be avoided if ". . . the aggregate value of all property that constitutes or is affected by such transfer is less than $600."  Defendants bear the burden of proving the nonavoidability of the transfers by a preponderance of the evidence. 11 U.S.C. § 547(g).

Defendants argue that the transfers fall within the exception of § 547(c)(8) because no

individual Defendant received more than $600 in aggregate value from the transfers.  Defendants demonstrate that, excluding the returned payment of May 13, 2009, Defendants received $862.60 in total garnished payments.  Of the first garnished payment, $106.87 went to pay court costs.  The remaining $146.53 was applied to the judgment of Jackson Purchase ER Group.  Of the second garnished payment, $29.47 was applied to the remainder of the judgment of Jackson Purchase ER Group.  Baptist Healthcare Systems, Inc. received the remaining $329.37, in addition to the third garnished payment of $250.36.  In sum, of the total $862.60 garnished, $106.87 went to pay court costs, $176.00 went to pay the judgment of Jackson Purchase ER Group, and $579.73 went to pay the judgment of Baptist Healthcare Systems, Inc.

Few courts have addressed the issue of whether the total aggregate value of less than $600 applies to each creditor individually, or to multiple creditors that share in the same garnishment action.  In this district, precedent exists for applying the total aggregate value of less than $600 to each individual creditor.  *See In re Irvine*, 95 B.R. 464 (Bankr. W.D. Ky. 1988) (determining that wages garnished six times by three different creditors totaling $680 fall within the exception of § 547(c)(8)); *accord In re Clark*, 217 B.R. 89, 90 (W.D. Ky. 1995).  Having been presented with no reason to depart from this precedent, the Court finds that Defendants are to be considered individually when applying § 547(c)(8).  The fact that the state court judgment specifies a separate award for each individual Defendant further supports the Court's finding in this case.

Because the transfers to each Defendant total less than $600 in aggregate value, the Court finds that Debtor may not avoid the transfers under § 547(c)(8).  A separate Order consistent with the foregoing has been entered in accordance with Federal Rule of Bankruptcy Procedure 9021.